IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CPL. THOMPSON,<br><br>　　　　　Defendant. | 8:23CV538<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff Kirk D. Robinson, a prisoner, filed a Complaint, Filing 1, and paid the Court's filing fee. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.

## I. SUMMARY OF THE COMPLAINT

　　　　Plaintiff sues an individual identified as "Cpl. Thompson," in his individual capacity. Filing 1 at 2. Cpl. Thompson is an employee of the Reception and Treatment Center ("RTC") of the Nebraska Department of Correctional Services ("NDCS"). *Id.* at 4. Robinson alleges that during a change in his housing assignment at the RTC,[1] Robinson's property was sent to Cpl. Thompson to be inventoried. *Id.* at 5. When Robinson's property was returned, his "J-Pay" tablet was damaged. *Id.* The tablet was so damaged that it could no longer be charged. *Id.* The damage also prevented the tablet from accessing the internet, though Robinson acknowledges that the tablet could not access the internet anyway. *Id.* A few months later, the J-Pay tablet was taken as part of a search. *Id.*

---

[1] Though Robinson brought this action while housed at the RTC, his address on the docket sheet is now listed as the Tecumseh State Correctional Institution pursuant to a notice of change of address. Filing 11. However, pursuant to a filing in one of his other cases on August 11, 2025, Plaintiff indicated he is currently confined in the RTC, and the NDCS' online inmate records confirm that. *See* Filing No. 59, Case No. 8:22CV151; https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Nov. 19, 2025).

Though Robinson suffered no physical injuries, he experienced mental pain and suffering because he could no longer access games, music, or photos and messages from his daughter. *Id.* Robinson seeks $1.5 million in damages because Cpl. Thompson was responsible for the safekeeping of the tablet and Cpl. Thompson failed to "do his job." *Id.*

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

2

permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construed, Robinson alleges violations of his constitutional rights under 42 U.S.C. § 1983. To state a section 1983 claim, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Robinson alleges Cpl. Thompson violated Robinson's right under the Eighth Amendment. He also claims Cpl. Thompson violated his rights by destroying "property – value in excess of $1,500." Filing 1 at 3.

### A. Robinson's Eighth Amendment Claim

Robinson fails to allege any violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. Robinson does not allege how damage to his tablet could have amounted to cruel and unusual punishment under the Eighth Amendment. Moreover, to recover compensatory or punitive damages under the Prison Litigation Reform Act, a prisoner must allege or prove more than mental or emotional injury. *See McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018); *see* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."). Robinson expressly alleged that he suffered "[n]o physical

3

injuries." Filing 1 at 5. Accordingly, Robinson fails to state any violation of the Eighth Amendment.

### B. Deprivation of Property

Robinson also asserts a constitutional violation for "[d]estruction of property – value in excess of $1,500." Robinson identifies no constitutional provision associated with this alleged deprivation. Construed liberally, Robinson argues he was deprived of his property without due process, in violation of the Fourteenth Amendment. However, even if Robinson intended to assert a Fourteenth Amendment claim, and even if Cpl. Thompson was responsible for damaging Robinson's tablet, the actions of prison custodians in mislaying or causing the loss of an inmate's property do not violate the Due Process Clause of the Fourteenth Amendment. *Dan v. Nebraska*, No. 8:23CV532, 2025 WL 2322536, at *11 (D. Neb. Aug. 12, 2025). More than negligence is required to prove a plaintiff was "deprived" of his constitutional rights. *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (holding a prisoner unable to recover in tort from the State due to sovereign immunity could also not recover under the Due Process Clause for loss of a liberty interest caused by a prison guard's negligence). Robinson has alleged no facts that support a Due Process claim or any other constitutional violation. Accordingly, his claim must be dismissed.

### III. CONCLUSION

Plaintiff's Complaint fails to assert a recognizable section 1983 claim under the Eighth or Fourteenth Amendments, or any other constitutional provision. Thus, no claim is stated upon which relief may be granted and Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915A. Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and without leave to amend as the Court concludes amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice.

2. The Court will enter judgment by a separate document.

3. The Clerk of Court is directed to update Plaintiff's address to the Reception and Treatment Center address on file in Case No. 8:22CV151 and to send Plaintiff a copy of this Memorandum and Order and the accompanying Judgment to his updated address.

Dated this 20th day of November, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge